# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 02-1762

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

FRANCES ROXANNE FRANKS,

*Defendant-Appellant.*

———————

**Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:01CR00031—Sarah Evans Barker**, *Judge.*

———————

ARGUED OCTOBER 2, 2002—DECIDED OCTOBER 17, 2002

———————

Before BAUER, EASTERBROOK, and ROVNER, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Roxanne Franks has been convicted of mail fraud. She contends that her real crime is embezzlement, though it is hard to see how this characterization would do her much good (unless the state prosecutor declined to proceed), for her guilt of that offense is clear and her federal sentence is only six months' imprisonment.

Franks worked at a medical clinic. Between July 1999 and August 2000 she took almost 450 checks that the clinic had received to pay for services rendered. She deposited these checks in her personal bank account. The bank then

forwarded the checks for collection using interstate couriers. (The mail fraud statute, 18 U.S.C. §1341, makes it unlawful to use any interstate delivery system, not just the mails, to perpetrate frauds and swindles.) According to Franks, this use of interstate transportation did not facilitate the deceit of her employer; it just adjusted the accounts among the potential victims (the patients, their insurers, the clinic, and the banks). And when use of the mails does no more than determine where a loss falls, §1341 has not been violated. *United States v. Maze*, 414 U.S. 395 (1974); *Parr v. United States*, 363 U.S. 370 (1960); *Kann v. United States*, 323 U.S. 88 (1944). Only when interstate transit plays some part in the scheme's success has this crime been committed. Franks relies particularly on *Kann*, which held that the use of interstate means to collect a check did not offend §1341 because the scheme was complete as soon as the depository bank paid the check:

> The banks which cashed or credited the checks, being holders in due course, were entitled to collect from the drawee bank in each case and the drawer had no defense to payment. The scheme in each case had reached fruition. The persons intended to receive the money had received it irrevocably. It was immaterial to them, or to any consummation of the scheme, how the bank which paid or credited the check would collect from the drawee bank. It cannot be said that the mailings in question were for the purpose of executing the scheme, as the statute requires.

323 U.S. at 94.

*Kann* predates the Uniform Commercial Code, which makes it easy for a customer's bank to reverse the credit if the instrument cannot be collected. Franks deposited the checks into her personal account. Even if she drew off the embezzled funds promptly, her own funds remained and

could have been debited to cover the loss, had the checks not been sent out of state and paid in due course. This made interstate transportation essential to the scheme's success. (After *Pereira v. United States*, 347 U.S. 1 (1954), a contention that Franks did not know that interstate means would be used to collect would be untenable and is not made.) What is more, the offense defined by §1341 is the *scheme* to defraud, not the individual mailing in isolation. The prosecutor in *Kann* charged three schemes of one check apiece, which led to the Court's reply that each scheme had succeeded before the solitary check reached the drawee bank. The prosecutor charged Franks with one scheme covering 449 checks over 14 months. If the early checks had not been sent interstate and cleared, the later checks would not have been credited to Franks' account, and her scheme would have been foiled. Thus here, as in *Schmuck v. United States*, 489 U.S. 705 (1989), the interstate transportation facilitated the repetition of acts that were vital to making the scheme profitable. The evidence supports the conviction, which therefore is

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*